1

2

3

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   BE V. VO,                    )   Case No. CV 05-0863 (JTL)
                                  )
12              Plaintiff,        )
                                  )
13        v.                      )   MEMORANDUM OPINION AND ORDER
                                  )
14   JO ANNE B. BARNHART,         )
     Commissioner of Social       )
15   Security,                    )
                                  )
16              Defendant.        )
     _____)

17

18        On February 9, 2005, Be V. Vo ("plaintiff") filed a Complaint

19   seeking review of the Commissioner's denial of plaintiff's application

20   for social security disability and supplemental security income

21   benefits.  On March 21, 2005, the parties filed a Consent to Proceed

22   Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on

23   August 18, 2005, defendant filed an Answer to Complaint.  On November

24   2, 2005, the parties filed their Joint Stipulation.

25        The matter is now ready for decision.

26   ///

27   ///

28   ///

**BACKGROUND**

On February 20, 2003, plaintiff filed an application for supplemental security income benefits. (Administrative Record ["AR"] at 75-78). In his application, plaintiff claimed that, beginning on August 1, 1999, back pain, memory problems, and headaches prevented him from working. (AR at 75). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 44-49, 53-56). On or about July 11, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 57).

On June 21, 2004, the ALJ conducted a hearing in Glendale, California. (AR at 27-43). Plaintiff appeared at the hearing with counsel and testified. (AR at 31-39). Rheta King, a vocational expert, appeared and testified. (AR at 39-42). An interpreter was also present at the hearing. (AR at 27).

On July 30, 2004, the ALJ issued his decision denying benefits. (AR at 19-25). In his decision, the ALJ concluded that plaintiff suffered from severe disorders of the back. (AR at 20). The ALJ also noted that claimant suffered from a depressive disorder, not otherwise specified, which is medically determinable but not severe. (Id.). According to the ALJ, however, the impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform his past relevant work as a hand packager. (AR at 24). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

///

2

1    On September 24, 2004, plaintiff filed a timely request with the
2  Appeals Council for review of the ALJ's decision.  (AR at 13).  Upon
3  review of plaintiff's request, the Appeals Council affirmed the ALJ's
4  decision.  (AR at 9-11).

5

6                        **PLAINTIFF'S CONTENTION**

7    Plaintiff contends that the ALJ failed to properly evaluate the
8  medical evidence in the record.

9

10                       **STANDARD OF REVIEW**

11    The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to
12  determine whether the ALJ's findings are supported by substantial
13  evidence and whether the proper legal standards were applied.  DeLorme
14  v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence
15  means "more than a mere scintilla" but less than a preponderance.
16  Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v.
17  Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir.
18  1988).

19    Substantial evidence is "such relevant evidence as a reasonable
20  mind might accept as adequate to support a conclusion." Richardson,
21  402 U.S. at 401.  This Court must review the record as a whole and
22  consider adverse as well as supporting evidence.  Green v. Heckler,
23  803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible
24  of more than one rational interpretation, the ALJ's decision must be
25  upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).
26  ///
27  ///
28  ///

1                          **DISCUSSION**

2   **A.    The ALJ's Evaluation of the Medical Record**

3        Plaintiff claims that the ALJ failed to give proper consideration
4   to the opinion of plaintiff's treating psychiatrist, who found that
5   plaintiff was mentally disabled.   Instead, the ALJ adopted the
6   opinions of examining and non-examining physicians.  The ALJ's failure
7   to give primacy to the treating source, plaintiff argues, constitutes
8   error.

9        On May 18, 2004, plaintiff's treating psychiatrist, Richard A.
10  Hochberg, M.D., conducted a Mental Status Examination of plaintiff and
11  diagnosed him as "severely psychotic, depressed and disabled and will
12  remain so for life."  (AR at 250-51).   He diagnosed plaintiff with
13  paranoia schizophrenia disorder and assessed plaintiff with a Global
14  Assessment of Functioning ("GAF") score of 20 to 30.[1]  (AR at 251).
15  Dr. Hochberg further found plaintiff to be markedly limited in most
16  categories of understanding and memory, sustained concentration and
17  persistence, social interaction, and adaptation.  (AR at 253-55).  The
18  ALJ rejected Dr. Hochberg's assessment on the grounds that his
19  assessment was not explained or supported by the medical record,
20  stated a patient history that differed from the other psychiatric
21  consultative examiners, and contradicted three psychiatric

22

23  ───────────────────

24       [1]  "A GAF score is a rough estimate of an individual's
    psychological, social, and occupational functioning used to
25  reflect the individual's need for treatment."  Vargas v. Lambert,
    159 F.3d 1161, 1164 n.2 (9th Cir. 1998).  A score of 21 to 30
26  indicates that a person's "[b]ehavior is considerably influenced
    by delusions or hallucinations OR serious impairment in
    communication or judgment (e.g., sometimes incoherent, acts
27  grossly inappropriately, suicidal preoccupation) OR inability to
    function in almost all areas (e.g., stays in bed all day; no job,
28  home or friends)."  Diagnostic and Statistical Manual of Mental
    Disorders 34 (4th ed. 2000).

                                 4

1  consultative examiners.  (AR at 23).

2      The three psychiatric examiners who examined plaintiff all

3  assessed less restrictive functional capacities than Dr. Hochberg.  On

4  October 21, 1999, Maria Teresa Salanga, M.D., performed a Complete

5  Psychiatric Evaluation on plaintiff and found plaintiff to be alert,

6  oriented to time, place, and person, and fair in abstraction,

7  calculation, judgment, and insight.  (AR at 115-17).  Overall, she

8  found no psychiatric diagnosis.  (Id.).  On May 21, 2002, Laja

9  Ibraheem, M.D., performed a Complete Psychiatric Evaluation on

10 plaintiff and gave him a fair prognosis.  (AR at 152-56).  Dr.

11 Ibraheem determined that plaintiff would be able to focus attention

12 adequately, follow one- and two-part job instructions, adequately

13 remember and complete simple and complex tasks, tolerate stress

14 inherent in the workplace, maintain regular attendance, work without

15 supervision, and interact with supervisors, co-workers, and the

16 general public.  (AR at 155).  On April 27, 2003, Jason H. Yang, M.D.,

17 performed a Complete Psychiatric Evaluation on plaintiff, whereby he

18 diagnosed him with depressive disorder, not otherwise specified, and

19 a GAF score of 68.[2]  (AR at 193-96).  Dr. Yang concluded that plaintiff

20 was able to focus attention adequately, follow one- and two-part job

21 instructions, adequately remember and complete simple tasks, tolerate

22 stress inherent in the workplace, maintain regular attendance, work

23 without supervision, and interact with supervisors, co-workers, and

24

25      [2]  A GAF score of 61 to 70 indicates that a person
26 experiences "[s]ome mild symptoms (e.g., depressed mood and mild
   insomnia) OR some difficulty in social, occupational, or school
27 functioning (e.g., occasional truancy, or theft within the
   household), but generally functioning pretty well, has some
28 meaningful interpersonal relationships."  Diagnostic and
   Statistical Manual of Mental Disorders 34 (4th ed. 2000).

1  the public.  (AR at 196).  Ultimately, the ALJ credited the

2  assessments of Drs. Salanga, Ibraheem, and Yang in determining that

3  plaintiff was not disabled.

4      **1.  Whether Dr. Hochberg's Assessment Was Supported by the**

5          **Medical Record**

6      The ALJ rejected Dr. Hochberg's opinion of disability, in part,

7  because his assessment was "not explained or supported by any other

8  medical evidence of record."  (AR at 23).  A treating physician's

9  opinion is not conclusive as to either functional limitations or the

10  ultimate issue of disability.  See Andrews v. Shalala, 53 F.3d 1035,

11  1041 (9th Cir. 1995).  The proper weight that an ALJ should give to a

12  treating physician's opinion depends on whether sufficient data

13  supports the opinion and whether the opinion comports with other

14  evidence in the record.  See 20 C.F.R. §§ 404.1527, 416. 927.

15      The Ninth Circuit permits an ALJ to rely on an absence of

16  objective findings to reject a treating physician's opinion.  Johnson

17  v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical

18  findings provide specific and legitimate basis for ALJ to reject

19  treating physician's opinion); Buckhart v. Bowen, 856 F.2d 1335, 1339

20  (9th Cir. 1988) (proper to disregard uncontroverted treating

21  physician's opinion when he fails to provide objective descriptions of

22  medical findings); cf. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.

23  1988) (improper to reject treating physician's opinion where he

24  provided at least some objective observations and laboratory and x-ray

25  testing in addition to subjective opinions).

26      Here, Dr. Hochberg provided objective descriptions to support his

27  medical findings that plaintiff suffered from paranoia schizophrenia

28  disorder and was disabled.  First, Dr. Hochberg observed plaintiff's

physical appearance, finding plaintiff to be disheveled, shaking, and frightened. (AR at 250). Dr. Hochberg noted that plaintiff's speech was initially garbled, tangential, and nonsensical. (<u>Id.</u>). The doctor also recorded plaintiff's mood and thoughts, which he found revealed "marked auditory hallucinations." (<u>Id.</u>). Furthermore, Dr. Hochberg performed tests on plaintiff whereby he found plaintiff could not repeat numbers backwards or forwards, was disoriented as to time and place, had little knowledge of world events, showed poor judgment, and could not interpret riddles, such as "rolling stones gathers no moss or a stitch in time saves nine." (<u>Id.</u>). Given his detailed observations, the Court finds that Dr. Hochberg assessment was, in fact, explained and supported by his objective findings. Additionally, the medical record contains Dr. Hochberg's progress notes from October 19, 2001 to May 18, 2004, all of which indicate that he routinely monitored plaintiff's care and prescribed multiple medications to him. (AR at 250-69). Thus, contrary to plaintiff's claims, the objective findings in the record support the treating physician's assessed limitations.

### 2.   Conflicting Patient History

The ALJ rejected Dr. Hochberg's opinion of disability, in part, because Dr. Hochberg's statement of plaintiff's medical history was not consistent with the history given by the consultative examiners. (AR at 23).

In his report, Dr. Hochberg noted that plaintiff has a "strong genetic disposition to Schizophrenia and his mother suffered these illnesses." (AR at 250). Dr. Hocherg's report recounted the horrific experiences that plaintiff allegedly witnessed during the Vietnam War. (Id.). This history of trauma from the war was not mentioned or

recorded in his examinations with the other psychiatrists. The consultative examiners, moreover, do not mention plaintiff's family history of schizophrenia and, in fact, indicated that plaintiff denied any such history. Dr. Salanga specifically stated that plaintiff "denies history of mental illness in the family." (AR at 116). Dr. Ibraheem wrote, "there is no known history of psychiatric illness in the family." (AR at 153). Dr. Yang noted, "The claimant denies any family history of mental illness, substance abuse or suicide attempts." (AR at 194). Thus, plaintiff recounted a different medical history to Dr. Hochberg than he did to the three consultative psychiatric examiners.

Even if plaintiff recounted a different medical history to Dr. Hochberg than the three psychiatric examiners, such contradictory histories should not be a basis to reject Dr. Hochberg's assessment. While the fact that plaintiff gave contradictory accounts of his family mental health history reflects poorly on plaintiff's credibility, it does not impact Dr. Hochberg's credibility. Dr. Hochberg conducted a Mental Status Examination on plaintiff whereby he observed plaintiff's appearance, responses, speech, mood, perceptions, thoughts, concentration, orientation, knowledge, and judgment. (AR at 250). As such, the ALJ erred in rejecting Dr. Hochberg's assessment on the basis that his recount of plaintiff's medical history differed from the consultative examiners.

### 3.  Contradicted by Three Psychiatric Examiners

Finally, the ALJ rejected Dr. Hochberg's assessment, in part, because his finding of disability was contradicted by the opinions of three other psychiatric examiners. (AR at 23). An ALJ should give a treating physician's opinion greater weight than that of an examining

physician.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("It is clear that more weight is given to a treating physician's opinion than to the opinion of a non-treating physician because a treating physician 'is employed to cure and has a greater opportunity to know and observe the patient as an individual.'") (quoting Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); see also Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Andrews, 53 F.2d at 1041.  The proper weight that an ALJ should give to a treating physician's opinion depends on whether sufficient data supports the opinion and whether the opinion comports with other evidence in the record.  See 20 C.F.R. §§ 404.1527, 416. 927.

Moreover, an ALJ may disregard a treating physician's opinion whether or not other medical evidence contradicts that opinion.  See Andrews, 53 F.3d at 1041.  Before rejecting a treating physician's uncontroverted opinion, however, the ALJ must present clear and convincing reasons for doing so.  See Andrews, 53 F.3d at 1041; see also Montijo v. Secretary of Health & Human Services, 729 F.2d 599, 601 (9th Cir. 1984).  "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Saelee v. Chater, 94 F.3d 520 (9th Cir. 1996).  Furthermore, "where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion may itself be

1    substantial evidence; it is then solely the province of the ALJ to
2    resolve the conflict." Andrews, 53 F.3d at 1041.

3       In support of his decision, the ALJ noted that, "Three
4    psychiatric examiners over many years have failed to identify
5    significant symptoms or signs in the various mental status
6    evaluations." (AR at 23). All three consultative examiners made
7    their diagnoses after performing mental status examinations on
8    plaintiff. (AR at 116-17, 154-55, 195). Dr. Salanga performed an
9    evaluation of plaintiff in October of 1999, Dr. Ibraheem evaluated
10   plaintiff in May of 2002, and Dr. Yang performed his evaluation in
11   April of 2003. (AR at 115, 152, 193). While Dr. Hochberg also
12   diagnosed plaintiff after performing a mental status examination, Dr.
13   Hochberg had treated plaintiff from October 19, 2001 to May 18, 2004,
14   giving him a lengthier opportunity to observe plaintiff. (AR at 250-
15   69). The ALJ was required to give specific and legitimate reasons
16   supported by substantial evidence for rejecting Dr. Hochberg's
17   assessment. Given Dr. Hochberg's history of treating plaintiff and
18   the Court's determination that his diagnosis was supported by
19   clinical, objective findings, the ALJ failed to provide any such
20   reasons. See Holohan v. Massanari, 246 F.3d 1195, 1207 (9th Cir.
21   2001)(the opinion of a treating physician who has cared for a claimant
22   over a period of time and who provided an opinion supported by
23   explanation and treatment records outweighs the opinion of a one-time
24   examining physician).

25   ///
26   ///
27   ///
28   ///

10

**B.   <u>Reversal and Remand is Appropriate</u>**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court.  <u>McAlister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully.  <u>Id</u>; <u>see</u> <u>also</u> <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989); <u>Marcia v. Sullivan</u>, 900 F.2d 172, 176 (9th Cir. 1990).  An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, <u>see</u> <u>Gamble v. Chater</u>, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, <u>see</u> <u>Schneider v. Commissioner of the Social Security Administration</u>, 223 F.3d 968, 976 (9th Cir. 2000); <u>Ramirez v. Shalala</u>, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits.  <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir. 1996).

Here, remand for further proceedings is appropriate to allow the ALJ to give the appropriate amount of weight to the treating psychiatrist's opinion in light of this decision.  The ALJ should then consider whether plaintiff is still able to perform his past relevant work and, if not, whether other work exists in significant numbers in the national economy that accommodates plaintiff's residual functional capacity and vocational factors.

///

///

///

///

///

1
**ORDER**

2       The Court, therefore, VACATES the decision of the Commissioner of

3 Social Security Administration and REMANDS the case for further

4 administrative proceedings consistent with the Memorandum Opinion and

5 Order.

6

7 DATED: February 22, 2006

_____

/s/

8
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28